AMANDA O. VAIL and others, surviving executors, &c., *vs.* JOHN W. LANE.

The attorneys for the plaintiffs and all other persons connected with their office left the same at five and a half o'clock P.M., and the office was closed and locked for the night. Between that time and six o'clock, the clerk of the defendant's attorney came to make service of an answer, and finding the office closed and locked, he procured the janitor of the building to unlock the door, and then left the answer on the table of the managing clerk; the janitor having no authority to open the office for that purpose. *Held,* that such entry of the clerk was irregular and unlawful; and that the service of the answer was not regular.

APPEAL, by the plaintiffs, from an order of the Special Term setting aside a judgment.

*Tracy, Olmstead & Tracy,* for the appellants.

*R. H. Huntley,* for the respondent.

*By the Court,* DAVIS, P. J. The service of the answer was not regular. The attorneys for the appellants and all other persons connected with their office, had left the office at five and a half o'clock P.M., and the office was closed and locked for the night. Between that time and six o'clock, the clerk of the defendant's attorney came to make service of the answer, but finding the office closed and locked, he procured the janitor of the building to unlock the door, and then left the answer on the table of the managing clerk. The janitor had no authority to open the office for that purpose. His act in doing so was that of the clerk who procured him, and the entry of the clerk, under the circumstances, was irregular and unlawful.

The judgment could not, therefore, have been properly set aside for irregularity. It does not appear in the papers that it was set aside on that ground ; and there are two reasons for inferring that it was not. The first is, that it is not to be presumed that the court intended

Vail *v.* Lane.

to uphold a service so manifestly irregular; the second is, that no costs were imposed on the appellants, as would most properly have been done if the court had held the judgment to have been irregular.

We must presume, therefore, that the order vacating the judgment was granted as a favor, in the discretion of the court; and that the respondent was not charged with costs, as is usual in granting such favors, because the court discovered some slight *acidity of practice* in the proceedings of the plaintiff's attorneys. That was a legitimate stimulant to the exercise of judicial discretion, and this court is not to be called upon to interfere with its exercise. In entering the order below, nothing has been done but to set aside the judgment. Vitality has not been given to the irregular service of the answer, nor leave to serve anew. The order should therefore be modified by giving leave to re-serve the answer as of the date of the attempted service, so far as affects the date of the issue, with leave to reply to the answer if necessary, or to demur, or to make any motion in respect of the answer on any ground except the regularity of its service; and as thus modified the order should be affirmed, without costs to either party.(*a*)

Judgment accordingly.

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels,* Justices.]

(*a*) *S. C.,* briefly reported, 4 *Hun,* 653.